UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SHELDON PITTMAN, )
 )
       Petitioner, )
 )
vs. ) 07 C 765
 )
NEDRA CHANDLER, Warden, )
Dixon Correctional Center, )
 )
       Respondent. )

## **MEMORANDUM OPINION**

CHARLES P. KOCORAS, District Judge:

Before this Court is Respondent Nedra Chandler's[1] motion to dismiss Petitioner Sheldon Pittman's 28 U.S.C. § 2254 petition for a writ of habeas corpus. For the following reasons, Chandler's motion is granted and Pittman's petition is dismissed with prejudice.

### BACKGROUND

After a 1995 jury trial in the Circuit Court of Cook County, Pittman was convicted of armed robbery, attempted armed robbery, and aggravated discharge of a

---

[1]After Pittman filed his petition, he was transferred from Lawrence Correctional Center, where Lee Ryker is warden, to Dixon Correctional Center, where Nedra Chandler is warden. As Chandler is the "state officer having custody of the applicant," we substitute Chandler for Ryker as the named defendant in this case. Fed. R. Civ. P. 25(d); *Bridges v. Chambers,* 425 F.3d 1048, 1049-50 (7th Cir. 2005) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004)).

firearm. He was sentenced to concurrent prison terms of 22 years for the armed robbery conviction and 15 years each for the attempted armed robbery convictions. He appealed, and on July 18, 1997, the Appellate Court of Illinois affirmed his convictions. Pittman did not file a petition for leave to appeal with the Illinois Supreme Court.

On September 10, 1998, he filed a *pro se* petition for postconviction relief pursuant to the Illinois Post-Conviction Hearing Act. 725 ILCS 5/122-1. The trial court granted the state of Illinois's motion to dismiss, and the appellate court affirmed. On March 29, 2006, the Illinois Supreme Court denied his petition for leave to appeal the denial of his postconviction petition.

On February 2, 2007, Pittman filed the instant petition for writ of habeas corpus with this court. Chandler moved to dismiss on grounds that his petition is untimely filed under 28 U.S.C. § 2244(d)(1)(A).

## LEGAL STANDARD

District courts are empowered by 28 U.S.C. § 2254 to entertain writs of habeas corpus on behalf of state prisoners on the ground that they are imprisoned in violation of the Constitution or laws or treaties of the United States. Review by federal courts is appropriate only when a prisoner has exhausted his options to challenge his conviction in the state courts, and guidelines for determining the finality of a state court

judgment and the availability of federal review are supplied by 28 U.S.C § 2244. The Antiterrorism and Effective Death Penalty Act of 1996 added section (d) to § 2244, providing a one-year statute of limitations on the filing of habeas petitions that begins running from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(2) provides that the time during which "a properly filed application for State post-conviction or other collateral review…is pending" does not count towards the statutory limitation period.

## DISCUSSION

Respondent Chandler contends that Pittman's petition for writ should be dismissed as untimely pursuant to § 2244(d)(1)(A) because it was filed more than one year after the expiration of the deadline for seeking direct review of his conviction in

the Supreme Court. Pittman asks us to find either that the running of the statute was tolled by the State's actions or otherwise that it was equitably tolled.

Section § 2244(d)'s statute of limitations begins to run at either the conclusion of direct review or the expiration of time for seeking direct review. § 2244(d)(1)(A); *Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002). The Illinois appellate court affirmed Pittman's conviction on July 18, 1997, and pursuant to Illinois Supreme Court Rule 315(b), Pittman had 21 days to file his petition for leave to appeal his conviction. Pittman did not do so; accordingly, August 9, 1997, was the date upon which § 2244(d)(1)'s statute of limitations began to run. Pittman's argument that the running of the statute of limitations should be tolled for the 90 days he was allowed to file a petition of certiorari with the United States Supreme Court is not meritorious, as Pittman could not appeal his appellate judgment directly to that court.

Section 2244(d)'s statute of limitations expired on August 9, 1998 - one year after Pittman's conviction became final as defined by § 2244(d)(1)(A). Pittman's filing of a petition for postconviction review in the Illinois courts on September 10, 1998, does not act to "toll" the running of the statute of limitations under § 2244(d)(1) because the limitations period had already expired. *Teas v. Endicott*, -- F.3d --, 2007 WL 2012388 at *2 (7th Cir. 2007) (the fact that the state courts entertained a collateral attack on prisoner's conviction more than one year after the expiration of the one year

time limit does not "re-start" the statute of limitations under § 2244(d)). Accordingly, Pittman's petition is time-barred pursuant to § 2244(d).

Pittman argues that we should find that the statute of limitations was equitably tolled or instead that we should not count time during which he claims the State prevented him from filing an application. In considering his argument, we begin with his reasons for claiming that tolling should apply during portions of the period between August 9, 1997 and August 9, 1998 - the one-year period after the end of direct review of his conviction during which he could have filed a petition for writ with this court or tolled the running of the statute of limitations by filing a petition for postconviction review in the state courts. If Pittman cannot demonstrate that equitable tolling should apply during this period of time, we need not consider subsequent events as they cannot have bearing on the running of § 2244's one-year statute of limitations.

Pittman claims that he was kept in segregation status without access to his legal papers during August and September of 1997. He also points out that he lacks the legal knowledge to prepare his own filings and that paralegals at the correctional institutions in which he has been incarcerated did not answer legal questions from inmates.

Equitable tolling of § 2244's statute of limitations is warranted where "extraordinary circumstances outside of the petitioner's control prevent timely filing of the habeas petition." *Moore v. Battaglia*, 476 F.3d 504, 506 (7th Cir. 2007).

Placement in segregation for 60 days, even without access to a law library, has been held not to warrant equitable tolling. *Jones v. Hulick*, 449 F.3d 784, 789 (7th Cir. 2006). *Pro se* status and limited legal knowledge are also not grounds for equitable tolling. *Montenegro v. United States,* 248 F.3d 585, 594 (7th Cir. 2001), overruled on other grounds by *Ashley v. United States,* 266 F.3d 671 (7th Cir. 2002). Accordingly, we conclude that Pittman has not presented the "extraordinary circumstances" that would justify equitable tolling of the statute of limitations.

Pittman also argues that we should recalculate the statute of limitations because the State prevented him from filing his petition during the time he was in segregation without access to his legal files, pursuant to § 2244(d)(1)(B). Under § 2244(d)(1)(B), the statute of limitations begins to run only on "the date on which [an] impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." As to Pittman's argument that the State prevented him from filing an application under § 2244(d)(1)(B), we find that simply placing an inmate in segregation is not action inherently in violation of the Constitution or federal law.

Accordingly, we find no basis to either apply equitable tolling or to conclude that the State prevented Pittman from filing his petition for writ in a timely manner.

Pittman did not file his petition for writ within the one year provided by § 2244(d) and he is barred from presenting his claims now to this Court.

## CONCLUSION

For the foregoing reasons, Respondent Chandler's motion is granted and Petitioner Pittman's petition for writ of habeas corpus is dismissed with prejudice

_____
Charles P. Kocoras
United States District Judge

Dated:   September 10, 2007